UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA KROMSOVA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　Defendant. | Case No. 20-cv-04603-RS<br><br>**ORDER DIRECTING COUNSEL TO MEET AND CONFER** |

After filing a motion for summary judgment in this Social Security appeal, plaintiff obtained a stipulated voluntary remand to the agency for a new decision. Then, one day prior to the deadline for filing a motion for attorney fees, plaintiff's counsel filed an AO 291 form, which is an "Application for Fees and Other Expenses Under the Equal Access to Justice Act," and docketed it as a "Motion for Attorney Fees (petition)." The following day the Clerk's office made an entry on the docket of "Electronic filing error," asserting that counsel had filed a "blank" AO 291 form, and directing that the motion be "refiled in its entirety." In fact, the filed AO 291 form was not blank, and did list the total fees and expenses claimed, and therefore at least arguably represented a timely filed fee motion, albeit lacking the showing necessary to recover the amount claimed.

Counsel eventually filed a complete motion four days after the deadline. That motion included no explanation or excuse for the original incomplete filing, or why it was not corrected on the day it was due, when the Clerk's office identified the problem.

One day after the due date for opposition, defendant filed a brief arguing the motion should be denied in its entirely as untimely. A full week late, plaintiff's counsel submitted a reply arguing that the filing deadline for the motion should be deemed tolled as of the day she filed the first AO 291 form. In the reply, counsel explained she was working remotely from San Diego as the result of a medical emergency involving her terminally ill mother. She asserts her remote access to her computer failed suddenly when she was uploading materials for the attorney fee motion, the day prior to the filing deadline. Counsel provides a declaration from her technical contractor, setting out the efforts he made to restore the computer system, and explaining that the problem was not successfully resolved until the day that counsel filed the complete motion.

Civil Local Rule 54-5 (a) provides, "Counsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." Rule 54-5(b)(1) further requires that any fee motion must include a "statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held." Here, plaintiff's counsel acknowledges no such conference was held, but does not explain why, other than perhaps implying the medical emergency near the filing deadline made it impractical, at least at that point in time.

The parties are hereby directed to meet and confer regarding all issues presented by this fee motion within the next thirty days. If they resolve the matter, they shall promptly file a notice to that effect. In the event the parties are unable to reach a resolution, they shall file a notice so stating. If, at that juncture the court concludes the motion should be deemed timely, an order will issue providing defendant an opportunity to submit an opposition on the merits as to plaintiff's entitlement to fees and/or the amount claimed. Otherwise, an order will issue denying the motion as untimely.

**IT IS SO ORDERED**.

Dated: February 22, 2022

_____
RICHARD SEEBORG
Chief United States District Judge